MARQUETTE, HOUGHTON & ONTONAGON RAILROAD CO. v.
OLIVE L. HARLOW.

Error to Marquette.    Submitted Oct. 31.    Decided Nov 1.

ASSUMPSIT by Mrs. Harlow for rent for the use and occupa-
tion of land by her permission, as alleged in the declaration.
The evidence, however, did not show that there was any
agreement between the parties for rent, but only that the
defendants had taken possession without the plaintiff's con-
sent, and that the plaintiff had not openly asserted her
rights in the premises as against them.    Plaintiff recov-
ered and defendant brought error.

*W. P. Healy* and *Hoyt Post,* for plaintiff in error,
stopped by the Court.    It is trespass for a railroad com-
pany to enter upon land even where the owner knows it,
*Walker v. C., R. I. & P. R. R. Co.,* 57 Mo., 275; *Peters
v. Elkins,* 14 Ohio, 346.    A contract cannot arise by impli-
cation of law under circumstances the occurrence of which
neither of the parties ever contemplated, *Carpenter v. United
States,* 17 Wal., 495; *Wilmarth v. Palmer,* 34 Mich., 347.

*F. O. Clark* (on brief) for defendant in error.    One
can waive the tort and sue in assumpsit in case of a tres-
pass upon land, *Welch v. Bagg,* 12 Mich., 44; *Fiquet v.
Allison,* Id., 328.    Act 165 of 1875.    Where two parties
claim rights in the same land, there cannot be an implied
contract between them that one shall pay rent to the other,
*Ward v. Warner,* 8 Mich., 508; but where the owner of
land acquiesces in another's possession of it, there is an
implied understanding that the latter shall pay what the
use of the land is reasonably worth, *Dwight v. Cutler,* 3
Mich., 574; *Hogsett v. Ellis,* 17 Mich., 371.

PER CURIAM.    This case comes within the principle of
the case  of the same plaintiffs in error against Amos R.
Harlow.

The judgment must be reversed with costs, and a new
trial granted.